IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |  |
|---|---|---|
| TRUMAN LEE KETCHMARK, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civ. No. 18-00079 ACK-KJM |
| BROWN-WILLIAMSON TOBACCO CORPORATION | ) ) ) ) | |
| Defendant. | ) ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS TRUMAN LEE KETCHMARK'S COMPLAINT FILED ON MARCH 1, 2018, OR, ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT**

For the reasons discussed below, the Court GRANTS Defendant Brown-Williamson Tobacco Corporation's Motion to Dismiss Truman Lee Ketchmark's Complaint Filed on March 1, 2018, ECF No. 5, and dismisses Plaintiff's complaint WITHOUT PREJUDICE.

Any amended complaint Plaintiff files pro se in this Court is subject to the Pre-Filing Review Order, ECF No. 14, entered in Ketchmark v. Obama, Civ. No. 10-00725 DAE-LEK (D. Haw. Feb. 24, 2011).

## BACKGROUND

Plaintiff Truman Lee Ketchmark ("Ketchmark") filed a complaint in state court, which Defendant Brown-Williamson Tobacco Corporation ("Defendant" or "BWTC")[1] removed on March 1, 2018. Notice of Removal, ECF No. 1. In his complaint, Ketchmark attempts to bring claims on behalf of himself and his "heirs and assigns" against BWTC "and all other tobacco companies responsible et al. and et cetra." Compl., ECF No. 1-2 at p. 1.

Ketchmark seems to allege that he or his family members were injured at various times throughout his life, and that BWTC caused some or all of those injuries.[2] Id. at pp. 1-2. Ketchmark's allegations include that:

---

[1] R.J. Reynolds Tobacco Company is the successor-in-interest to Defendant Brown & Williamson Tobacco Company's United States tobacco business. Def.'s Mem., ECF No. 5-1, at p. 1. Effective July 30, 2004, Reynolds American, Inc. acquired the stock of Brown & Williamson USA, Inc., a wholly owned subsidiary of Brown & Williamson Tobacco Corporation, which owned the assets of Brown & Williamson's United States tobacco business. Id. at p. 1 n.1. Thereafter, R.J. Reynolds Tobacco Company merged into Brown & Williamson USA, Inc., which was then renamed R.J. Reynolds Tobacco Company (North Carolina). Id. For purposes of this Order, however, the Court refers to Defendant as "BWTC."

[2] Because Ketchmark is appearing pro se, the Court liberally construes his filings. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing Boag v. MacDougall, 454 U.S. 364, 365 (continued . . . .)

- He was conceived in 1943 and born in 1944—during "stressful times"—and both of his parents smoked tobacco cigarettes;

- He had abdominal surgery at age three, which left him with a seven-inch scar;

- He was diagnosed with mental illness at age twenty-seven;

- His younger brother was born in 1954, had surgery for double hernias at age one, and died in 2007;

- His mother, who "died with a cigarette in one hand and an oxygen contraption in the other," suffered from throat cancer and "starved to death" in 2001; and

- His father died "when a doctor gave him predestione,"[3]

Id. Based on these allegations, Ketchmark requests "$1,000.00 per month for compensation or $12,000.00 per year until my King Jesus returns. (His Second Coming) to straighten things out."[4]

---

(continued . . . .)
(1982) (per curiam)). The Court notes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Crowley v. Bannister, 734 F.3d 967, 977-78 (9th Cir. 2013).

[3] The Court notes that the pharmaceutical product to which Ketchmark seems to refer is likely prednisone. See Def.'s Mem. at p. 2 n.6. Regardless, it is not clear to the Court how the allegation that Ketchmark's father died after taking a particular pharmaceutical product, without more, is related to the other allegations in the complaint which, when liberally construed, seem related to Ketchmark's parents' use of tobacco cigarettes.

[4] Ketchmark states that he is expecting this event to occur "on or about 2020." Compl., ECF No. 1-2 at p. 2.

Id. Ketchmark further requests "foundation funds to help people damaged by tobacco, asbestos, and lead in the air and water." Id. In addition, the complaint cites various portions of the Bible, id., and attaches copied pages from several seemingly unrelated sources, ECF No. 1-5.

On March 8, 2018, BWTC filed a Motion to Dismiss Truman Lee Ketchmark's Complaint Filed on March 1, 2018 or, Alternatively, for a More Definite Statement (the "MTD"). ECF. No. 5. Along with its Motion, BWTC filed a memorandum ("Def.'s Mem."), ECF No. 5-1, one affidavit with a supporting exhibit, ECF Nos. 5-2, 5-3, and one declaration of counsel with supporting exhibits, ECF Nos. 5-4, 5-5, 5-6, 5-7. . The MTD argues that the complaint should be dismissed for three reasons. First, BWTC asserts that Ketchmark failed to properly serve his summons on it. MTD at p. 2. Second, BWTC contends that the summons Ketchmark did attempt to serve is deficient. Id. Finally, BWTC argues that the complaint fails to state a claim upon which relief can be granted. Id. In the alternative, BWTC moves for an order requiring Ketchmark to file a more definite statement. Id.

On June 27, 2018, Ketchmark filed an opposition to the MTD ("Opp."), ECF No. 15, to which BWTC filed a reply on July 3, 2018, ECF No. 17. The Court held a hearing on the MTD on July 17, 2018.

**STANDARD**

**I. Rules 12(b)(4) and 12(b)(5)**

Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) authorize dismissal based on insufficient process and insufficient service of process, respectively. In assessing the sufficiency of process and service of process, courts may weigh the evidence and resolve disputed issues of fact in accordance with Rule 12(d). 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (Civ.3d ed.) ("Any factual question raised by the affidavits or other evidence presented on a Rule 12(b)(4) or a Rule 12(b)(5) motion should be determined by the district court in accordance with Rule 12(d)."). If a court finds process or service of process insufficient, it may dismiss the action or retain the case but quash the service that was made on the defendant. Cranford v. United States, 359 F. Supp. 2d 981, 984 (E.D. Cal. 2005).

A motion to dismiss under Rule 12(b)(4), on the one hand, challenges the form of the summons. A "Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons." Federal Practice and Procedure § 1353; see also Taniguchi v. Native Hawaiian Office of Atty. Gen., No. CIV.09-00117 SOM-KSC, 2009 WL 1404731, at *3 (D. Haw. May 15, 2009)

(quoting Federal Practice and Procedure § 1353). The Supreme Court has explained that "[d]efects in the form of summons are considered technical and a dismissal is not proper unless the party can demonstrate actual prejudice." Omni Capital Int'l, Ltd., 484 U.S. at 104.

A motion to dismiss pursuant to Rule 12(b)(5), on the other hand, concerns the service of the summons and complaint. A plaintiff bears the burden of demonstrating that service was proper, Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004), which is determined under the requirements of Federal Rule of Civil Procedure 4, Kyung Cho v. UCBH Holdings, Inc., 890 F. Supp. 2d 1190, 1198 (N.D. Cal. 2012). Courts have explained that Rule 4 is a flexible rule that should be liberally construed to uphold service so long as a party receives sufficient notice of the complaint. United Food & Commercial Workers Union, Local 197 v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984). However, because "[a] federal court does not have jurisdiction over a defendant unless the defendant has been served properly," Direct Mail Specialists v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988), "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction" absent substantial compliance with Rule 4's requirements, Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986).

**II.  Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) authorizes courts to dismiss a complaint that fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Court may dismiss a complaint either because it lacks a cognizable legal theory or because it lacks sufficient factual allegations to support a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

In resolving a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations as true.  Sateriale v. R.J. Reynolds Tobacco Co., 697 F.3d 777, 783 (9th Cir. 2012).  The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"

7

Id. (quoting Twombly, 550 U.S. at 557).

When the Court dismisses a complaint pursuant to Rule 12(b)(6), it should grant leave to amend unless the pleading cannot be cured by new factual allegations. OSU Student All. v. Ray, 699 F.3d 1053, 1079 (9th Cir. 2012).

**DISCUSSION**

BWTC moves to dismiss the complaint based on insufficient process under Rule 12(b)(4), insufficient service of process under Rule 12(b)(5), and failure to state a claim on which relief can be granted under Rule 12(b)(6). MTD at pp. 2-3. The Court addresses each ground for dismissal in turn.

**I. Insufficient Process and Service of Process**

BWTC first argues that the state-court summons Ketchmark served on it did not contain the clerk's signature or the court's seal. Def.'s Mem. at p. 4 (citing Aff. of Debbie Knear ("Knear Aff.") ¶¶ 3-4, ECF No. 5-2). BWTC claims that the summons was thus insufficient under Hawaii law and that dismissal is appropriate on that basis. Id. The Court agrees that the unsigned and unsealed summons Ketchmark attempted to serve on BWTC is clearly deficient, compare Haw. R. Civ. P. 4(b)(1) and Fed. R. Civ. P. 4(a)(1)(F)-(G) with ECF No. 1-3, but notes that the Federal Rules of Civil Procedure (and

specifically, the requirements of Rule 4) became applicable in this action after BWTC removed it to federal court.[5] Fed. R. Civ. P. 81(c)(1); Beecher v. Wallace, 381 F.2d 372, 373 (9th Cir. 1967) (holding that a state court summons issued but never properly served prior to removal "becomes null and void" and new process must issue pursuant to Rule 4). At any rate, Ketchmark's summons is deficient under both federal and state law, and he has failed to meet his burden to establish valid process.[6] E.g., Cranford, 359 F. Supp. 2d at 984.

---

[5] Although 28 U.S.C. § 1446(b) provides the deadlines by which a defendant must remove a complaint, and ties those deadlines to service of process, see Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347–48 (1999) (holding that deadline to remove provided in § 1446(b) is "triggered by" service of summons and complaint), service of process is not a prerequisite to removal. See, e.g., Delgado v. Shell Oil Co., 231 F.3d 165, 177 (5th Cir. 2000) (interpreting § 1446(b) as allowing defendant named in state court complaint to remove action irrespective of whether defendant had been served); Whitehurst v. Wal-Mart, 306 F. App'x 446, 448 (11th Cir. 2008) (holding "nothing in the removal statute, or any other legal provision, requires that a defendant be served with the complaint before filing a notice of removal"); Maassen v. Novartis Pharm. Corp., No. C-14-0116 MMC, 2014 WL 954407, at *2 (N.D. Cal. Mar. 6, 2014) (same).

[6] Rule 4 specifies what must be included for process to be valid. A valid summons must: (1) state the name of the court and parties; (2) be directed to the defendant; (3) state the name and address of the plaintiff when the plaintiff is unrepresented; (4) state the time the defendant has to appear and defend against the complaint; (5) notify the defendant that failure to appear will result in a default judgment for the plaintiff; (6) be signed by the clerk; and (7) bear the court's seal. Fed. R. Civ. P. 4(a)(1)(A)-(G); see also Haw. R. Civ. P.
(continued . . . .)

The same is true of Ketchmark's attempt to serve process on BWTC. Prior to removal, Hawaii Rule of Civil Procedure 4(d)(3) governed service of process on a domestic or foreign corporation like BWTC. Haw. R. Civ. P. 4(d)(3). Rule 4(d)(3) directs that a corporation must be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process . . . ." Id. If no such officer is findable within the state, service may be made by "registered or certified mail, return receipt requested, addressed to the corporation at its principal office." Hawaii Revised Statutes ("HRS") § 414-64(b).

Here, Ketchmark's only known attempt to serve process on BWTC occurred when he sent copies of his deficient summons and complaint by regular mail to a subsidiary of BWTC's parent company. Knear Aff. ¶¶ 2-3 and Ex. A at p. 11. Consequently, Ketchmark cannot establish valid service under Hawaii law and the Court has no jurisdiction over BWTC at the time of removal. Matter of Lease Cancellation of Smith, 68 Haw. 466, 466, 719 P.2d 397, 398 (Haw. 1986) ("A court lacks personal jurisdiction

---

(continued . . . .)
4(b)(1). In addition, a plaintiff must serve the summons with a copy of the complaint within 120 days after the complaint is filed. Fed. R. Civ. P. 4(c)(1) and 4(m).

10

over the person of the defendant where, in a proceeding, no summons was issued and no summons has been served.").

The Court notes that, following BWTC's removal of this action, the Federal Rules of Civil Procedure govern service of process.[7]  28 U.S.C. § 1448.  Applicable here, Rule 4(h)(1) provides that a corporation may properly be served in a judicial district of the United States "in the manner prescribed by Rule 4(e)(1) for serving an individual; or. . . by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]"  Fed. R. Civ. P. 4(h)(1)(A)-(B) (emphasis added).  As the above discussion makes clear, however, Ketchmark has not yet validly served process under the Federal Rules of Civil Procedure.

---

[7] BWTC exclusively discusses state-law service of process requirements, Def.'s Mem. at pp. 4-5, but the Federal Rules of Civil Procedure became applicable in this matter after BWTC removed it.  Fed. R. Civ. P. 81(c)(1); 28 U.S.C. § 1448 ("In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.").  To be sure, satisfying state-law service of process requirements is one potential avenue the Federal Rules of Civil Procedure provide to effect valid service under Rule 4, but doing so is not the only way that a plaintiff may validly serve process post-removal.  See Fed. R. Civ. P. 4(e)(1)-(2), 4(h)(1)(A).

The first of Ketchmark's post-removal options to effect valid service, Rule 4(e)(1), provides that an individual (or, in this case, a corporation) may properly be served in a judicial district of the United States by "following state law for serving a summons . . . ." Fed. R. Civ. P. 4(e)(1). As previously discussed, Ketchmark has not satisfied the requirements under Hawaii law to validly serve his summons. In particular, Ketchmark's transmittal of copies of his deficient summons and complaint by regular mail to a subsidiary of BWTC's parent company does not constitute valid service under Hawaii law. Compare Haw. R. Civ. P. 4(d)(3) and HRS § 414-64(b) with Knear Aff. ¶¶ 2-3 and Ex. A.

Ketchmark's second post-removal option to effect valid service under Rule 4 required delivering a copy of his summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process [for BWTC]" Fed. R. Civ. P. 4(h)(1)(B). This Court is not aware of any attempt Ketchmark made to deliver a copy of the summons and complaint to any such officer of BWTC following this action's removal.[8] Def.'s Mem. at p. 5.

---

[8] While Rule 4 is a flexible rule that should be liberally construed, United Food & Commercial Workers Union, Local 197, 736 F.2d at 1382, finding substantial compliance under these (continued . . . .)

12

The deficiencies in Ketchmark's attempt to effect service are not merely technical, and the Court finds that Ketchmark did not substantially comply with state or federal requirements. See Benny, 799 F.2d at 492. Because Ketchmark's summons and attempt to serve process were deficient, this Court is without personal jurisdiction over BWTC. Omni Capital Int'l, Ltd., 484 U.S. at 104; Matter of Lease Cancellation of Smith, 68 Haw. at 466, 719 P.2d at 398.

**II. Failure to State a Claim**

Even if Ketchmark could establish valid process and service of process, the Court notes that his complaint fails to state a claim upon which relief can be granted. Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri, 901 F.2d at 699. Although the Court liberally construes a pro se litigant's filings, Erickson, 551 U.S. at 94, all parties must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair

---

(continued . . . .)
circumstances would deprive the requirements of Rule 4 of any meaning.

notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 554, 562-563 (2007) (citing Conley v. Gibson, 355 U.S. 41 (1957)).

Ketchmark's complaint fails under Rule 12(b)(6) for several, independent reasons. First, almost every cause of action that Ketchmark appears to assert is time-barred. "A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations . . . [if] 'the running of the statute is apparent on the face of the complaint.'" Von Saher v. Norton Simon Museum of Art, 592 F.3d 954, 969 (9th Cir. 2010) (quoting Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006)). Courts may not dismiss a complaint on statute of limitations grounds "unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." Id. (citing Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206 (9th Cir. 1995)).[9]

The complaint makes clear that the most recent injury Ketchmark allegedly suffered occurred in 1971. Compl., ECF No. 1-2 at p. 1 (stating that Ketchmark was diagnosed with mental

---

[9] In Hawaii, personal injury tort claims are governed by a two-year statute of limitations in Hawaii, HRS § 657-7, and personal actions of any nature not covered by Hawaii law are governed by a six-year statute of limitations, id. § 657-1(4).

14

illness at age twenty-seven).  Moreover, the most recent injury Ketchmark's: (1) mother allegedly suffered occurred in June 2001; (2) brother allegedly suffered occurred in 2007; and (3) father allegedly suffered is unknown.  See generally id. at p. 2.  With the exception of a claim predicated on the death of Ketchmark's father—which allegedly occurred on an unspecified date "when a doctor gave him predestione," id.—any claim based on such injuries likely is time-barred.

Second, to the extent Ketchmark attempts to bring claims on behalf of his brother, those claims fail for lack of standing.  See ECF No. 1-2 at p. 2 (alleging that Ketchmark's younger brother had surgery for double hernias at age one and died in 2007).  Liberally construed, the complaint seems to assert a wrongful death action against BWTC for the death of Ketchmark's brother.[10]  As BWTC correctly notes, however, wrongful death actions under Hawaii law may be maintained only by "the deceased's legal representative . . . . [or] surviving spouse, reciprocal beneficiary, children, father, mother [or] by any person wholly or partly dependent upon the deceased person." HRS § 663-3(a)-(b).  The complaint does not allege that

---

[10] Ketchmark's brief in opposition seems to confirm that he is attempting to state a claim for wrongful death based on his brother's death.  Opp. at p. 1.  The brief in opposition also asserts that Ketchmark is attempting to state a claim for wrongful death based his mother's death.  Id.

15

Ketchmark was his brother's legal representative or was wholly or partly dependent on his brother. Nor does the complaint contain allegations that could possibly form the basis of any alternative cause of action that Ketchmark could assert on behalf of his brother. Accordingly, Ketchmark's claims predicated on the death of his brother fail under Rule 12(b)(6). E.g., Harwood Inv. Co. v. Wells Fargo Bank, Nat. Ass'n., No. C-09-3410 EMC, 2009 WL 4251650, at *1 (N.D. Cal. Nov. 24, 2009) ("A complaint that fails to allege facts sufficient to demonstrate standing is subject to dismissal under Rule 12(b)(6) for failure to state a claim.").

Finally, beyond considerations of timeliness and standing, the complaint fails to state a claim upon which relief can be granted. While the Court reviews the complaint under a less stringent standard based on Ketchmark's pro se status, Karim-Panahi v. Los Angeles Police Dep't., 839 F.2d 621, 623 (9th Cir. 1988), the Court notes that the complaint is nearly incomprehensible. To the extent the complaint attempts to state a claim for negligence under Hawaii law, it must allege:

> (1) A duty or obligation, recognized by the law, requiring the defendant to conform to a certain standard of conduct, for the protection of others against unreasonable risks; (2) [a] failure on the defendant's part to conform to the standard required: a breach of the duty;(3) [a] reasonably close causal connection between the conduct and the resulting injury; and (4) [a]ctual loss

16

>     or damage resulting to the interests of
>     another.

Bhakta v. Cnty. of Maui, 109 Haw. 198, 211, 124 P.3d 943, 956 (Haw. 2005), as amended (Dec. 30, 2005).  As BWTC correctly argues, Ketchmark's complaint wholly fails to make allegations regarding at least the duty, breach, and causation elements of his potential negligence claim.  Def.'s Mem. at p. 9.

Further, to state a products liability claim under Hawaii law based on strict liability, a plaintiff must allege: (1) a defect in a product that rendered it unreasonably dangerous; and (2) a causal connection between the defect and the plaintiff's injuries.  Tabieros v. Clark Equip. Co., 85 Haw. 336, 370, 944 P.2d 1279, 1313 (Haw. 1997) (emphasis omitted) (citing Wagatsuma v. Patch, 10 Haw. App. 547, 564, 879 P.2d 572, 583 (Haw. Ct. App. 1994)).  Ketchmark's complaint does not plausibly allege a strict liability claim because, among other flaws, it fails to identify a BWTC product, a defect in that product, or a causal connection between any defect and the various injuries alleged in the complaint.  See Def.'s Mem. at pp. 9-10.

In sum, the complaint wholly lacks a cognizable legal theory or sufficient facts under a cognizable legal theory to

survive dismissal under Rule 12(b)(6).[11]  As a court in this district previously stated before dismissing a similar complaint Ketchmark filed, "it is difficult to discern what relief [Ketchmark's] Complaint seeks from whom."  Ketchmark v. Williamson Tobacco Company et al., Civ. No. 17-00260 SOM-KSC (D. Haw. June 8, 2017), ECF No. 5-6, at pp. 3-4.  Indeed, a different court in this district, after finding that Ketchmark had filed a series of frivolous lawsuits, ordered the entry of a Pre-Filing Review Order applicable to all pleadings Ketchmark

---

[11] Ketchmark attempts to add new allegations, causes of action, and demands through his brief in opposition.  E.g., Opp., ECF No. 15 at p. 2 ("I want to sue for damages also A. Judge Fong . . . for $100,000 per year [or] $2,800,000, or his entire estate . . . . B. Judge David A. Ezra for slander, libel and intimidation [sic] $3.4 million as per other Hawaii state intimidation cases. . . . I demand the Court to Order $113,600.00 today."); id. at p. 1 ("In accordance with Civil Rights laws of 1968 and revised in 1988, 'It is illegal to hurt the handicapped and not help the handicapped.'  Another way of saying, 'Love your neighbor as yourself.' The Holy Bible."). The Court will not address these new allegations or causes of action, however, because they are not in Ketchmark's complaint. See Schneider v. California Dep't of Corrs., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998)("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." (emphasis in original)); see also Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006) ("Generally, the scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint.").

files pro se in this district.[12] See <u>Ketchmark v. Obama</u>, Civ. No. 10-00725 DAE-LEK (D. Haw. Feb. 24, 2011), ECF Nos. 13, 14; Def.'s Mem. at p. 2 n.4. This complaint appears to be the latest addition to Ketchmark's series of frivolous filings and merits dismissal.

## **CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendant Brown-Williamson Tobacco Corporation's Motion to Dismiss Truman Lee Ketchmark's Complaint Filed on March 1, 2018, ECF No. 5. The complaint is dismissed WITHOUT PREJUDICE.

Plaintiff must file any amended complaint within thirty days of the entry of this Order or judgment will be entered against him. Any amended complaint must correct the deficiencies noted in this Order or Plaintiff's claims may be dismissed with prejudice. Additionally, any amended complaint Plaintiff files pro se in this Court will be subject to the Pre-Filing Review Order, ECF No. 14, entered in <u>Ketchmark v. Obama</u>, Civ. No. 10-00725 DAE-LEK (D. Haw. Feb. 24, 2011).

---

[12] Because Ketchmark originally filed his complaint in state court before BWTC removed it to this Court, the Pre-Filing Review Order did not apply to the complaint in this action.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaii, July 17, 2018.



_____
Alan C. Kay
Sr. United States District Judge

Ketchmark v. Brown-Williamson Tobacco Corporation, Civ. No. 18-00079 ACK-KJM, Order Granting Defendant's Motion to Dismiss Truman Lee Ketchmark's Complaint Filed on March 1, 2018, or Alternatively, for a More Definite Statement.